IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE ADELPHIA COMMUNICATIONS | : | Master File No. |
| SECURITIES LITIGATION | : | 02CV1781 |
| | : | |
| | : | **CLASS ACTION** |
| THIS DOCUMENT RELATES TO: | : | |
| <u>Los Angeles County Employees Retirement</u> | : | |
| <u>Association vs. John J. Rigas</u> | : | E.D. Pa. No. 02-4086 |
| | : | |
| <u>Franklin Strategic Income Fund vs.</u> | : | |
| <u>John J. Rigas</u> | : | E.D. Pa. No. 02-4292 |
| | : | |

**O R D E R**

**AND NOW**, this _____ day of September, 2002, upon consideration of the

Expedited Motion of defendant Peter Venetis for an Extension of Time to Respond to Certain

Complaints, **IT IS ORDERED** that the Motion is **GRANTED**, and that the time for Peter

Venetis to answer, move or otherwise plead with respect to the complaints in <u>Los Angeles</u>

<u>County Employees Retirement Association vs. John J. Rigas</u>, E.D. Pa. No. 02-4086, and <u>Franklin</u>

<u>Strategic Income Fund vs. John J. Rigas</u>, E.D. Pa. No. 02-4292, is extended as follows:

(a) If the Court grants Deloitte & Touche's Motion to Implement the Court's

April 30, 2002 Consolidation Order, Peter Venetis' obligation to answer, move, or otherwise

plead with respect to the <u>Los Angeles County Employees Retirement Association</u> and <u>Franklin</u>

<u>Strategic Income Fund</u> complaints shall be governed by the consolidation order and the Court's

subsequent scheduling orders;

(b) If the Court denies Deloitte & Touche's Motion to Implement the Court's

April 30, 2002 Consolidation Order, Peter Venetis will answer, move, or otherwise plead with

respect to the <u>Los Angeles County Employees Retirement Association</u> and <u>Franklin Strategic</u>

Income Fund complaints thirty days after the denial of the motion.

BY THE COURT:

_____

Herbert J. Hutton, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE ADELPHIA COMMUNICATIONS | : | Master File No. |
| SECURITIES LITIGATION | : | 02CV1781 |
| | : | |
| | : | CLASS ACTION |
| THIS DOCUMENT RELATES TO: | : | |
| Los Angeles County Employees Retirement | : | |
| Association vs. John J. Rigas | : | E.D. Pa. No. 02-4086 |
| | : | |
| Franklin Strategic Income Fund vs. | : | |
| John J. Rigas | : | E.D. Pa. No. 02-4292 |
| | : | |

EXPEDITED MOTION OF DEFENDANT PETER VENETIS FOR AN EXTENSION OF
TIME TO RESPOND TO CERTAIN COMPLAINTS

Peter Venetis makes this expedited motion for an extension of time to answer,

move, or otherwise plead with respect to the complaints in Los Angeles County Employees

Retirement Association vs. John J. Rigas, E.D. Pa. No. 02-4086, and Franklin Strategic Income

Fund vs. John J. Rigas, E.D. Pa. No. 02-4292, and in support thereof states as follows:

1.      On April 30, 2002, this Court entered a consolidation order, a copy of

which is attached as Exhibit A.  Paragraph five of that Order provided as follows:

> Later Filed Cases.  The terms of the Order apply to actions later
> instituted in, removed to, or transferred to this Court that involved
> claims on behalf of the purchasers of Adelphia securities which are
> related to the claims of plaintiffs in these consolidated cases. . . .

2.      On June 26, 2002, the firm of Grant & Eisenhofer, P.A. filed a complaint

captioned Los Angeles County Employees Retirement Association vs. John J. Rigas, E.D. Pa.

No. 02-4086 ("LACERA").  This complaint alleged, inter alia, claims on behalf of purchasers of

Adelphia securities, and noted that related claims (including claims enumerated in this Court's

April 30, 2002 consolidation order) were pending.

3.    On June 28, 2002, the firm of Grant & Eisenhofer, P.A. filed a complaint captioned <u>Franklin Strategic Income Fund vs. John J. Rigas</u>, E.D. Pa. No. 02-4292 ("<u>Franklin</u>"). This complaint also alleged, <u>inter alia</u>, claims on behalf of purchasers of Adelphia securities, and noted that it was related to the <u>LACERA</u> case and, by extension, the claims related to the <u>LACERA</u> case.

4.    On August 2, 2002, Deloitte and Touche filed a motion to Implement the Court's April 30, 2002 Consolidation Order.  A copy of this motion is attached as Exhibit B.

5.    Although all other plaintiffs agreed to extend the time for Deloitte & Touche to answer, move or otherwise plead with respect to the complaints they had filed until the motion to Implement the Court's April 30, 2002 Consolidation order was decided, plaintiffs in the <u>LACERA</u> and <u>Franklin</u> cases refused to do so.

6.    Deloitte & Touche therefore filed an Expedited Motion for an Extension of Time to Respond to Certain Complaints on August 22, 2002.  Directors Dennis Coyle, Erland Kailbourne, Leslie Gelber and Peter Metros joined in Deloitte's motion.  A copy of this Motion is attached as Exhibit C.

7.    On August 27, 2002, the Court granted the Expedited Motion for an Extension of Time to Respond to Certain Complaints filed by Deloitte, Coyle, Kailbourne, Gelber and Metros, and relieved them of any obligation to respond to the <u>LACERA</u> and <u>Franklin</u> complaints until after the disposition of Deloitte's motion to Implement the Court's April 30, 2002 consolidation order.  A copy of the Court's August 27, 2002 Order is attached as Exhibit D.

2

8.    Following the Court's August 27, 2002 Order, counsel for Peter Venetis contacted counsel for the various plaintiffs to confirm that they would agree to extend to Peter Venetis an extension similar to the one the Court had granted to Deloitte, Coyle, Kailbourne, Gelber and Metros. See Exhibit E.

9.    Despite the fact that the Court granted the motion filed by Deloitte, Coyle, Kailbourne, Gelber and Metros, the LACERA and Franklin plaintiffs refused to agree that the Court's August 27, 2002 Order would extend to Peter Venetis. See Exhibit F.

10.    The various consolidated complaints allege, inter alia, that Peter Venetis, like Coyle, Kailbourne, Gelber and Metros, was a director of Adelphia who was not an officer of Adelphia.  For scheduling purposes, there is no reason to treat Peter Venetis differently than other defendants.  Further, there is no reason to require Peter Venetis to respond to the LACERA and Franklin complaints when (a) Deloitte, Coyle, Kailbourne, Gelber and Metros do not have to do so, and (b) Deloitte's Motion to Implement the Court's April 30, 2002 Consolidation Order would place all consolidated cases on a schedule where all defendants would have a consistent deadline to respond to the complaint.

11.    The refusal of the LACERA and Franklin plaintiffs to agree to extend the time for Peter Venetis to answer, move, or otherwise plead with respect to their complaints is manifestly unreasonable, and subverts the orderly disposition of these consolidated cases.

12.    The Court should therefore order that the time for Peter Venetis to answer, move or otherwise plead with respect to the LACERA and Franklin claims be extended until required by the Court's scheduling orders (if Deloitte & Touche's Motion to Implement the Court's April 30, 2002 Consolidation Order is granted), or until thirty days after the Court's

3

decision on Deloitte & Touche's Motion to Implement the Court's April 30, 2002 Consolidation

Order (if that motion is denied).

        13.    Because the <u>LACERA</u> and <u>Franklin</u> plaintiffs have refused to agree to

extend the time beyond September 24, 2002 for Peter Venetis to answer, move or otherwise

plead with respect to their complaints, Peter Venetis respectfully requests expedited treatment of

this motion.

                                 Respectfully submitted,

                                 COZEN O'CONNOR

                                 By: _____
                                     Patrick J. O'Connor (13086)
                                   David M. Doret (15634)
                                   Aaron Krauss (62419)
                                   1900 Market Street
                                   Philadelphia, PA  19103
                                   215-665-2000

                                 Attorneys for Defendant Peter Venetis

Dated:  September 11 , 2002

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2002, a true and correct copy of the

foregoing EXPEDITED MOTION OF DEFENDANT PETER VENETIS FOR AN

EXTENSION OF TIME TO RESPOND TO CERTAIN COMPLAINTS was served via

first class mail, postage prepaid upon:

See Attached Counsel List.


_____

Aaron Krauss


Dated:  September 11, 2002

Evan J. Smith, Esquire
Brodsky & Smith, LLC
11 Bala Avenue, Suite 39
Bala Cynwyd, PA 19004-3210

Robert I. Harwood, Esquire
Matt Houston, Esquire
Wechsler Harwood Halebian & Feffer, LLP
488 Madison Avenue, 8th Floor
New York, NY 10022

Steven G. Schulman, Esquire
Samuel H. Rudman, Esquire
Milberg Weiss Bershad Hynes & Lerach, LLP
One Pennsylvania Plaza, 49th Floor
New York, NY 10119

Robert S. Schachter, Esquire
Richard A. Speirs, Esquire
Zwerling, Schachter & Zwerling
767 Third Avenue
New York, NY 10017

Gregory M. Egleston, Esquire
Bernstein Liebhard & Lifshitz, LLP
10 East 40th Street
New York, NY 10016

Steven E. Cauley, Esquire
Scott Poynter, Esquire
Cauley Geller Bowman & Coates, LLP
Post Office Box 25438
Little Rock, AR 72221

Deborah R. Gross, Esquire
Susan R. Gross, Esquire
Law Offices of Bernard M. Gross, P.C.
1515 Locust Street, Second Floor
Philadelphia, PA 19102

Nadeem Faruqi, Esquire
Faruqi & Faruqi
320 East 39th Street
New York, NY 10016

Jules Brody, Esquire
Patrick Slyne, Esquire
Stull, Stull & Brody
6 East 45th Street
New York, NY 10017

Fred Isquith, Esquire
Wolf Haldenstein Adler Freeman & Herz
270 Madison Avenue
New York, NY 10016

Jeffrey Block, Esquire
Berman DeVelario Pease Tabacco Burt & Pucilo
One Liberty Square
Boston, MA 02109

Howard G. Smith, Esquire
3070 Bristol Pike, Suite 112
Bensalem, PA 19020

Steven J. Toll, Esquire
Cohen Milstein Hausfeld & Toll
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005

Patrick V. Dahlstrom, Esquire
Leigh R. Handelman, Esquire
Pomerantz Haudek Block Grossman & Gross LLP
One North LaSalle Street, Suite 2225
Chicago, IL 60602

Vincent Cappucci, Esquire
Robert Cappucci, Esquire
Entwistle & Cappucci, LLP
299 Park Avenue, 14th Floor
New York NY 10171

Lee Squitieri, Esquire
Stephen J. Fearon, Jr., Esquire
Squitieri & Fearon, LLP
521 Fifth Avenue, 26th Floor
New York, NY 10175

James Bonner, Esquire
Shalov Stone & Bonner
276 Fifth Avenue, Suite 704
New York, NY 10011

Robert Roseman, Esquire
Spector Roseman & Kodroff
1818 Market Street, Suite 2500
Philadelphia, PA 19103

Thomas E.L. Dewey, Esquire
Dewey Pegno & Kramarsky LLP
30 Broad Street
New York, NY 10004

Thomas S. Biemer, Esquire
Dilworth Paxson
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103-7595

Andrew Schatz, Esquire
Schatz & Nobel, P.C.
330 Main Street
Hartford, CT 06106

Josh Fuller, Esquire
Fuller & Suarez, P.A.
201 Alhambra Circle
Suntrust Plaza, Suite 602
Coral Gables, FL 33135

Kenneth A. Wexler, Esquire
Kenneth A. Wexler & Associates
One North LaSalle Street, Suite 2000
Chicago, IL 60602

John G. Emerson, Jr., Esquire
The Emerson Firm
Post Office Box 25336
Little Rock, AR 72221

Robert L. Hickok, Esquire
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103

Glenn A. Mitchell, Esquire
Andrew M. Beato, Esquire
Stein Mitchell & Mezines
1100 Connecticut Avenue, N.W.
Suite 1100
Washington, DC 20036

Darren J. Check, Esquire
Schiffrin & Barroway, LLP
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004

Ira Neil Richards, Esquire
Trujillo, Rodriguez & Richards, LLC
226 W. Rittenhouse Square
The Penthouse
Philadelphia, PA 19103

Marc S. Henzel, Esquire
Law Offices of Marc S. Henzel
273 Montgomery Avenue, Suite 202
Bala Cynwyd, PA 19004

Harvey Greenfield, Esquire
The Law Firm of Harvey Greenfield
60 East 42nd Street, Suite 2001
New York, NY 10165

Dennis J. Johnson, Esquire
Johnson & Perkinson
1690 Williston Road
South Burlington, VT 05403

Philip C. Korologos, Esquire
Boies, Schiller & Flexner, LLP
80 Business Park Drive, Suite 110
Armonk, NY 10504

2

Jeffrey W. Golan, Esquire
Barrack, Rodos & Bacine
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103-7087

Sherrie R. Savett, Esquire
Robin B. Switzenbaum, Esquire
Berger & Montague, PC
1622 Locust Street
Philadelphia, PA 19103

Solomon B. Cera, Esquire
Gold Bennett Cera & Sidener LLP
595 Market Street, Suite 2300
San Francisco, CA 94105

Hon. Arlin M. Adams
Schnader Harrison Segal & Lewis, LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103

Marc A. Topaz, Esquire
Stuart Berman, Esquire
Schiffrin & Barroway, LLP
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004

Joseph C. Kohn, Esquire
Kohn Swift & Graf PC
One S. Broad Street, Ste. 2100
Philadelphia, PA 19107

Stuart M. Grant, Esquire
Megan D. McIntyre, Esquire
Grant & Eisenhofer PA
1201 N. Market Street, Ste. 2100
Wilmington, DE 19801

Scott R. Shepherd, Esquire
Shepherd & Finkelman LLC
117 Gayley Street, Suite 200
Media, PA 19063

Peter Lennon, Esquire
Kaplan, Fox & Kilsheimer LLP
2200 West Chester Pike
Broomall, PA 19008

Brian M. Felgoise, Esquire
Law Office of Brian M. Felgoise
230 South Broad Street
Suite 404
Philadelphia, PA 19102

Martin Chitwood, Esquire
Chitwood & Harley
2900 Promenade II
1230 Peachtree Street, N.E.
Atlanta, GA 30309

Michael I. Fistel, Jr., Esquire
Holzer & Holzer
6135 Barfield Road, Suite 102
Atlanta, GA 30328

Roger LeBlanc, Esquire
LeBlanc & Wadell, LLP
5353 Essen Lane, Suite 420
Baton Rouge, LA 70809

Lawrence M. Rolnick, Esquire
Lowenstein, Sandler, Kohl, Fisher & Boylan
65 Livingston Avenue
New York, NY 10104-0050

William M. Connolly, Esquire
Drinker Biddle & Reath LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996

Mark C. Gardy, Esquire
Abbey Gardy LLP
212 East 39th Street
New York, NY 10016

**EXHIBIT A**



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERROLD RUSKIN | : | CIVIL ACTION |
| v. | : | |
| ADELPHIA COMMUNICATIONS, ET AL. | : | NO. 02-1781 |
| ——————————— | : | |
| RICHARD GITTER | : | CIVIL ACTION |
| v. | : | |
| ADELPHIA COMMUNICATIONS, ET AL. | : | NO. 02-1780 |
| ——————————— | : | |
| TZ MICRO COMPUTING, INC. | : | CIVIL ACTION |
| v. | : | |
| ADELPHIA COMMUNICATIONS, ET AL. | : | NO. 02-1813 |
| ——————————— | : | |
| WILLIAM J. HATTRICK, JR. | : | CIVIL ACTION |
| v. | : | |
| ADELPHIA COMMUNICATIONS, ET AL. | : | NO. 02-1816 |
| ——————————— | : | |
| ALAN SHULIMSON | : | CIVIL ACTION |
| v. | : | |
| ADELPHIA COMMUNICATIONS, ET AL. | : | NO. 02-1819 |
| ——————————— | : | |
| STEVEN ROSSOW | : | CIVIL ACTION |
| v. | : | |
| ADELPHIA COMMUNICATIONS, ET AL. | : | NO. 02-1831 |
| ——————————— | : | |

FILED
APR 30 2002
MICHAEL E. KUNZ, Clerk
Dep. Clerk

file

Adelphia
1065

3

ENTERED
APR 30 2002
CLERK OF COURT

MAY. 1. 2002  10:29PM    BERNARD M. GROSS, P. C.                    NO. 4506    P. 4/9

APR. 30. 2002  11:44AM    BERNARD M. GROSS, P. C.                  NO. 4506    P. 3

| | |
|---|---|
| MARKET STREET SECURITIES | CIVIL ACTION |
| v. | NO. 02-1835 |
| ADELPHIA COMMUNICATIONS, ET AL. | |
| ISRAEL COSTA | CIVIL ACTION |
| v. | NO. 02-1839 |
| ADELPHIA COMMUNICATIONS, ET AL. | |
| MARK G. EPSTEIN | CIVIL ACTION |
| v. | NO. 02-1871 |
| ADELPHIA COMMUNICATIONS, ET AL. | |
| JOANNE GOLD | CIVIL ACTION |
| v. | NO. 02-1878 |
| ADELPHIA COMMUNICATIONS, ET AL. | |
| BARRY GOLDMAN | CIVIL ACTION |
| v. | NO. 02-1893 |
| ADELPHIA COMMUNICATIONS, ET AL. | |
| JOHN FULLER | CIVIL ACTION |
| v. | NO. 02-1987 |
| ADELPHIA COMMUNICATIONS, ET AL. | |

2

MAY. 1. 2002 12:29PM    BERNARD M. GROSS. P. C.                    NO. 4560    P. 5/9

APR. 30. 2002 11:44AM    BERNARD M. GROSS. P. C.                  NO. 4506    P. 4

| | | |
|---|---|---|
| GERALD J. STREKAL | : | CIVIL ACTION |
| v. | : | NO. 02-2061 |
| ADELPHIA COMMUNICATIONS, ET AL. | : | |
| CROSSWAY PARTNERS | : | CIVIL ACTION |
| v. | : | NO. 02-2087 |
| ADELPHIA COMMUNICATIONS, ET AL. | : | |
| ALAN GARNER | : | CIVIL ACTION |
| v. | : | NO. 02-2099 |
| ADELPHIA COMMUNICATIONS, ET AL. | : | |
| MOHAMMED IDRIES | : | CIVIL ACTION |
| v. | : | NO. 02-2100 |
| PETE J. METROS, ET AL. | : | |
| LEWIS THOMAS HARDIN | : | CIVIL ACTION |
| v. | : | NO. 02-2112 |
| ADELPHIA COMMUNICATIONS, ET AL. | : | |
| ROBERT MORELLO | : | CIVIL ACTION |
| v. | : | NO. 02-2403 |
| ADELPHIA COMMUNICATIONS, ET AL. | : | |

3

GEORGE B. INABINET, JR., ET AL.          :     CIVIL ACTION
                                         :
              v.                         :     NO. 02-2416
                                         :
ADELPHIA COMMUNICATIONS, ET AL.          :
                                         :

### PROPOSED ORDER RE: CONSOLIDATION

WHEREAS, presently pending before this Court are related securities class

actions, which, in order of filing are:

Jerrold Ruskin v. Adelphia Communications, et al., Civil Action No. 02-1781;

Richard Gitter v. Adelphia Communications, et al., Civil Action No. 02-1790;

TZ Micro Computing, Inc. v. Adelphia Communications, et al., Civil Action No. 02-1813;

William J. Hattrick, Jr. v. Adelphia Communications, et al., Civil Action No. 02-1816;

Alan Shulimson v. Adelphia Communications, et al., Civil Action No. 02-1819;

Steven Rossow v. Adelphia Communications, et al., Civil Action No. 02-1831;

Market Street Securities v. Adelphia Communications, et al., Civil Action No. 02-1835;

Israel Costa v. Adelphia Communications, et al., Civil Action No. 02-1839;

Mark G. Epstein v. Adelphia Communications, et al., Civil Action No. 02-1871;

Joanne Gold v. Adelphia Communications, et al., Civil Action No. 02-1878;

Barry Goldman v. Adelphia Communications, et al., Civil Action No. 02-1987;

John Fuller v. Adelphia Communications, et al., Civil Action No. 02-1987;

Gerald J. Strekal v. Adelphia Communications, et al., Civil Action No. 02-2061;

Crossway Partners v. Adelphia Communications, et al., Civil Action No. 02-2087;

Alan Gamer v. Adelphia Communications, et al., Civil Action No. 02-2099;

4

Mohammed Idries v. Pete J. Metros, et al., Civil Action No. 02-2100;

Lewis Thomas Hardin v. Adelphia Communications, et al., Civil Action No. 02-2112;

Robert Morello v. Adelphia Communications, et al., Civil Action No. 02-2403; and

George B. Inabinet, Jr., et al. v. Adelphia Communications, et al., Civil Action No. 02-2416

WHEREAS, the above-referenced actions all arise out of a common set of facts, and should be consolidated into one single action, and that the procedures set forth below should be followed:

1. <u>Consolidation</u>. Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the above-captioned Class Action Lawsuits are to be consolidated for all purposes, including, but not limited to, discovery and all pretrial and trial proceedings.

2. <u>Master Docket and File</u>. This action shall be captioned "In re Adelphia Communications Securities Litigation" and the files of this action shall be maintained in one file under Master File No. 02-1781. All orders, pleadings, motions and other documents should, when filed and docketed in the Master File, be deemed filed and docketed in each individual case to the extent applicable. When an order, pleadings, motion or document is filed with a caption indicating that it is applicable to fewer than all of these consolidated actions, the clerk should file such pleading in the Master File and note such filing in the Master Docket and in the docket of each action referenced.

3. <u>Captions</u>. Every pleading filed in these consolidated Class Action Lawsuits, or in any separate action included therein, shall bear the following caption:

5

MAY. 1. 2002 12:30PM    BERNARD M. GROSS, P. C.    NO. 4506    P. 7/9
APR. 30. 2002 11:45AM    BERNARD M. GROSS, P. C.    NO. 4506    P. 7

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE ADELPHIA COMMUNICATIONS SECURITIES LITIGATION | : : : : | Master File No. 02CV1781 |
| _____ | : : | CLASS ACTION |
| THIS DOCUMENT RELATES TO: | : : | |
| _____ | : | |

4.    When a pleading is intended to be applicable to all actions to which this Order is applicable, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption set forth above. When a pleading is intended to be applicable to some, but not all, of such actions, this Court's docket number for each individual action to which the paper is intended to be applicable and the last name of the first-named plaintiff in said action shall appear immediately after the words "This Documents Relates To:" in the caption set forth above.

5.    Later Filed Cases. The terms of the Order apply to actions later instituted in, removed to, or transferred to this Court that involved claims on behalf of the purchasers of Adelphia securities which are related to the claims of plaintiffs in these consolidated cases, under the following procedures:

(a)    When such case is filed in, removed to, or transferred to this Court, the Clerk, of the Court will:

(i)    place a copy of this Order in the separate file for such action;

(ii)    mail a copy of this Order to counsel for plaintiffs and counsel

6

for defendants; and

(iii)    make an appropriate notation in the Master Docket.

(b)    This Order will apply to each such case that arises out of or is related

to the same common nucleus of fact, subsequently instituted in, removed to, or transferred

to this Court.

Dated: *April 30, 2002*                    BY THE COURT:

_____
HUTTON, J.

1.  Civil Action No's 02-2121 Stocke et al v. Rigas et al. and CA 02-2136
    Ron Moore v. John Rigas, et al., are to be included in the terms of
    this Order.

2.  The Clerk's Office is to CLOSE STATISTICALLY all of the above numbered
    cases with the exception of the lead case CA02-1781

4-30-02
Mailed To:
Adelphia Communications
T. Rigas
John Rigas
D. Gross, Esq.

7

**EXHIBIT B**

USDC-EDPA
REC'D CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

2002 AUG -2 PM 6: 53

| | |
|---|---|
| IN RE:<br><br>ADELPHIA COMMUNICATIONS<br>SECURITIES LITIGATION | MASTER FILE NO. 02-CV-1781 |
| THIS DOCUMENT RELATES TO | ALL ACTIONS |

## ORDER

AND NOW, this _____ day of _____, 2002, upon consideration of the

Motion of Deloitte & Touche LLP To Implement This Court's Consolidation Order Dated

April 30, 2002, and any responses thereto, it is hereby ORDERED that the Motion is

GRANTED, and that the Court will sign and enter the [Proposed] Supplemental Order attached

as Exhibit B to the Motion.

BY THE COURT:

_____
Hutton, J.

Sep-09-02    04:16pm    From-Ballard Spahr                215 864 8999          T-260  P.003    F-745

USDC-EDPA
REC'D CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

2002 AUG -2  PM 6: 53

|  |  |
|---|---|
| IN RE: | |
| ADELPHIA COMMUNICATIONS SECURITIES LITIGATION | MASTER FILE NO.  02-CV-1781 |
| THIS DOCUMENT RELATES TO | ALL ACTIONS |

**MOTION OF DELOITTE & TOUCHE LLP
TO IMPLEMENT THIS COURT'S
CONSOLIDATION ORDER DATED APRIL 30, 2002**

Defendant Deloitte & Touche LLP ("Deloitte") hereby moves to implement the

Court's Consolidation Order dated April 30, 2002, with respect to actions filed after that date.

In support of this motion, Deloitte relies on the accompanying memorandum.

Dated:  August 2, 2002

*Joel E. Tasca*

Alan J. Davis
William A. Slaughter
Joel E. Tasca
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103
(215) 864-8230/8114/8188
(215) 864-8999 (fax)

Of Counsel:

Max R. Shulman
Katherine B. Forrest
CRAVATH, SWAINE & MOORE
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1000

Attorneys for Deloitte & Touche LLP

USDC-EDPA
REC'D CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA   2  PH 6: 53

| | |
|---|---|
| IN RE:<br><br>ADELPHIA COMMUNICATIONS<br>SECURITIES LITIGATION | MASTER FILE NO. 02-CV-1781 |
| THIS DOCUMENT RELATES TO | ALL ACTIONS |

### MEMORANDUM OF DELOITTE & TOUCHE LLP
### IN SUPPORT OF ITS MOTION TO IMPLEMENT
### THIS COURT'S CONSOLIDATION ORDER DATED APRIL 30, 2002

Defendant Deloitte & Touche LLP ("Deloitte") submits this memorandum in

support of its motion to implement the Court's Consolidation Order dated April 30, 2002, with

respect to actions filed after that date.[1]

### I.   BACKGROUND

Commencing on April 2, 2000, and continuing through the present, a number of

lawsuits have been filed in this Court relating to Adelphia Communications Corporation

("Adelphia") and based upon the same nucleus of operative fact. On April 30, 2002, the Court

---

[1]   The following are the actions filed after April 30, 2002, that name Deloitte as a defendant: *D'Asaro v. Adelphia
Communications Corp.*, C.A. #02-CV-2618; *Kiefer v. Adelphia Communications Corp.*, C.A. #02-CV-3186;
*Turrell v. Adelphia Communications Corp.*, C.A. #-02-CV-3197; *Burstein v. Adelphia Communications Corp.*,
C.A. #02-CV-3273; *Argent Classic Convertible Arbitrage Fund, L.P.*, C.A. #02-CV-3547; *Victor v. Adelphia
Communications Corp.*, C.A. #02-CV-3659; *New York City Employees' Ret. Sys. v. Adelphia Communications
Corp.*, C.A. #02-CV-3778; *Los Angeles County Employees Ret. Ass'n v. Rigas et al.*, C.A. #02-CV-4086; *Huhn
v. Rigas*, C.A. #02-CV-4334; *Franklin Strategic Income Fund v. Rigas*, C.A. #02-CV-4292. There are six
additional actions filed after April 30, 2002, that do not name Deloitte as a defendant: *VR Associates v. Adelphia
Communications Corp.* C.A. #02-CV-2238; *Weiner v. Rigas*, C.A. #02-CV-3211; *Seebacher v. Adelphia
Communications Corp.*, C.A. #02-CV-3264; *Matovich v. Adelphia Communications Corp.*, C.A. #02-CV-3561;
*Burnside v. Rigas*, C.A. #02-CV-3769; *Hyslip v. Rigas*, C.A. #02-CV-3768; *Feivel Gottlieb Restated Defined
Benefit Trust v. Rigas*, C.A. #02-CV-4486.

entered an order (the "Consolidation Order") consolidating all the actions filed as of that date under the caption *In re Adelphia Securities Litigation*, 02-CV-1781 ("*In re Adelphia*") on the ground that they "arise out of a common set of facts, and should be consolidated into one single action." (Consolidation Order at 5.)[2]  The Consolidation Order explicitly anticipated that there would be "Later Filed Cases" that would be consolidated with the ones filed as of April 30, 2002.  The Order provides that "[t]he terms of this Order apply to actions later instituted in, removed to, or transferred to this Court that involved claims on behalf of the purchasers of Adelphia securities which are related to the claims of plaintiffs in these consolidated cases" and that "[t]his Order will apply to each such case that arises out of or is related to the same common nucleus of fact, subsequently instituted in, removed to, or transferred to this Court." (Consolidation Order ¶ 5.)

As the Court expected, after it issued the Consolidation Order, several additional lawsuits were filed arising out of the same common nucleus of fact as those involved in the consolidated cases and asserting the same or similar securities law violations; ten of those complaints name Deloitte as a defendant (the "New Cases").  Two of the New Cases have been assigned to different judges in the Eastern District of Pennsylvania (*Turrell, Franklin Strategic Income Fund*); three have been brought as individual (rather than class) actions (*Franklin Strategic Income Fund, New York City Employees' Retirement Fund, LA County Employees Retirement Association*); but all fall squarely within the express terms of the Consolidation Order.

---

[2]  Some of the complaints included in the Consolidation Order were derivative actions: *Rossow v. Adelphia Communications Corp.*, C.A. #02-1831; *Strekal v. Adelphia Communications Corp.*, C.A. #02-2061; *Idries v. Merros*, C.A. #02-2100; *Moore v. Rigas*, C.A. #02-2136.  Because on June 25, 2002, Adelphia filed a petition in the United States Bankruptcy Court for the Southern District of New York for relief under Chapter 11 of the United States Bankruptcy Code, those derivative actions have been automatically stayed.  *See Pepper v. Litton*, 308 U.S. 295, 306-07 (1939) (holding that in the event of bankruptcy derivative actions are solely the province of the bankruptcy trustee).

Sep-09-02    04:16pm    From-Ballard Spahr            215 864 8999         T-260  P.006    F-745

Despite the Order's clear and unambiguous terms, the plaintiffs in several of the New Cases have taken the wholly untenable position that their actions have not been consolidated with *In re Adelphia*. *See, e.g.*, letter from Megan D. McIntyre to Lawrence H. Cooke II, dated July 31, 2002, and letter from Lawrence H. Cooke II to Megan D. McIntyre, dated July 31, 2002, attached hereto as Exhibit A. That has forced Deloitte to make the present motion to implement the Consolidation Order.

## II.    ARGUMENT

There can be no dispute that the New Cases and the cases listed in the Consolidation Order arise out of a common nucleus of fact: *i.e.*, claims by securities purchasers that involve allegations concerning co-borrowing arrangements, off-balance sheet debt, related parties transactions and Adelphia public disclosures pertaining thereto. On those issues, all the cases -- the new ones and the old ones -- will require substantially similar discovery and will be based upon substantially similar evidence. Because the Consolidation Order explicitly applies to every later filed case "that involve[s] claims on behalf of the purchasers of Adelphia securities which are related to the claims of Plaintiffs in these consolidated cases" and that "arises out of or is related to the same common nucleus of fact," the New Cases have clearly been consolidated with the ones pending as of April 30. No distinction is made in the Consolidation Order between individual actions and class actions or between stockholder and debtholder suits -- which is entirely as it should be because the same efficiencies strongly favor common treatment regardless of whether it is an individual or class that is suing or whether plaintiffs purchased debt securities, common stock or preferred stock.[3]

---

[3]    This point is highlighted by the fact that two of the New Cases, *Argent* and *Victor*, are brought on behalf of putative classes that include both debtholders and stockholders.

As a result, the position taken by some of the plaintiffs in the New Cases that the Consolidation Order does not apply is without merit.

## III. CONCLUSION

For the foregoing reasons, this Court should grant Deloitte's motion and enter the proposed Supplemental Order attached hereto as Exhibit B, which implements the Consolidation Order with regard to each of the New Cases.

Date: August 2, 2002

Alan J. Davis
William A. Slaughter
Joel E. Tasca
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 864-8230/8114/8188
(215) 864-8999 (fax)

Of Counsel:

Max R. Shulman
Katherine B. Forrest
CRAVATH, SWAINE & MOORE
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1000

Attorneys for Deloitte & Touche LLP

Sep-09-02   04:16pm   From-Ballard Spahr                215 864 8999        T-260   P.008/020   F-745

# EXHIBIT A

Sep-09-02  04:17pm  From-Ballard Spahr

215 864 8899

T-260  P.009/020  F-745

07/31/02  10:22 FAX 302 622 7085          GRANT & EISENHOFER, PA          @002



# GRANT & EISENHOFER, P.A.

SUITE 2100
1201 NORTH MARKET STREET
WILMINGTON, DELAWARE 19801-2599
(302) 622-7000 ▪ FAX (302) 622-7100
www.gelaw.com

JAY W. EISENHOFER
STUART M. GRANT
MEGAN D. McINTYRE
GEOFFREY C. JARVIS

DANIEL T. DiPIETRO
ABBOTT A. LEBAN
DIANE T. ZILKA ▪ ▪

KLARI N. SCHACHT †
OF COUNSEL

DIRECT DIAL: (302) 622-7020

MICHAEL J. BARRY ††
CHRISTINE S. BUSMAN
CYNCHIA A. CALDER
RICHARD M. DONALDSON ▪
C. KRISY HAPER ▪▪▪▪
JEFF IMBRIGLIA ▪
JOHN C. KAIRIS
SIDNEY S. LIEBESMAN
MICHELLE N. PEEBLICH ▪
DMITRY PELITS ††
C. CURTIS STANFORD I

▪    ADMITTED IN NJ & PA ONLY
▪▪   ADMITTED IN NY & PA ONLY
▪▪▪▪ ADMITTED IN NC & NY ONLY
†    ADMITTED IN GA & WI ONLY
††   ADMITTED IN MA, NJ & PA ONLY
†††  ADMITTED IN NY ONLY

July 31, 2002

**BY FACSIMILE**

Lawrence H. Cooke II, Esquire
Brobeck, Phleger & Harrison LLP
1633 Broadway
New York, NY 10019

Re:    Los Angeles County Employees Retirement Association v. John J. Rigas, et al.,
       E.D. Pa., Civil Action No. 02cv4086;
       Franklin Strategic Income Fund, et al. v. John J. Rigas, et al.,
       E.D. Pa., Civil Action No. 02cv4292

Dear Mr. Cooke:

    We write on behalf of the plaintiffs in the above-captioned actions, in response to your letter of July 29th. The above actions are individual (non-class) actions filed by institutional investors who sustained losses on the purchase of certain bonds issued by Adelphia Communications Corporation ("Adelphia") and Arahova Communications Corporation ("Arahova"). We do not know whether counsel in the pending class actions purport to represent purchasers of these bonds, but to the extent they do, our clients have elected to opt out of those class actions and pursue their claims on an individual basis.

    We have reviewed the consolidation order and proposed scheduling order that were attached to your letter. We believe the consolidation order applies only to class actions, and thus do not consider our cases to be subject to either that order or the proposed scheduling order.

    With respect to service of process, we effectuated service upon Messrs. Coyle, Gelber and Kailbourne on July 1, 2002 in Civil Action No. 02cv4086, and on July 8, 2002 in Civil Action No. 02cv4292, by serving the summonses and complaints upon Adelphia's registered agent in Delaware. See Fed.R.Civ.P. 4(e)(2) (service may be effected "by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process"). As directors of Adelphia, your clients have consented to the appointment

.07/31/02  10:22 FAX 302 622 7066          GRANT & EISENHOFER, PA                          ☑003

# GRANT & EISENHOFER, P.A.

Lawrence H. Cooke, II, Esquire
July 31, 2002
Page 2

of Adelphia's registered agent as their agent for purposes of service of process.  8 Del. C. §
3114.  Copies of the process server's affidavits are attached hereto for your reference.

Pursuant to Fed.R.Civ.P. 12(a)(1)(A), your clients' responses to both of our complaints
are past due.  We will give you an extension of time until this Friday, August 2, 2002, to file
those responses.  If we do not receive responses by Friday, we intend to move for default
judgments.

Very truly yours,

Megan D. McIntyre

Enclosures

Sep-09-02  04:17pm  From-Ballard Spahr                    215 864 8999      T-260  P.011/020  F-745

07/31/2002 18:43 FAX 212 586 7878        BROBECK NEW YORK                        @002/003

# Brobeck

ATTORNEYS AT LAW

July 31, 2002                                    Brobeck, Phleger & Harrison LLP
                                                          1633 Broadway
**VIA FACSIMILE**                                  New York, New York 10019
                                                      DIRECT  212.237.2535
                                                        FAX  212.586.7878
                                                     lcookai@brobeck.com
                                                       www.brobeck.com

Megan D. McIntyre, Esquire
Grant & Eisenhofer, P.A.
1220 N. Market Street, Suite 500
Wilmington, DE  19801

Re:    In Re: Adelphia Communications Securities Litigation
       Master File No. 02CV1781

Dear Ms. McIntyre:

I write in response to your letter of this morning regarding the above-referenced litigation.
While I appreciate your correspondence and the offer of an extension of time to respond in this
matter, it is our position that no responsive pleading (either by answer or a motion to dismiss) is
required at this time. We also disagree with your assertion that our clients, Messrs. Coyle,
Gelber and Kailbourne, have been properly served in this matter should you dispute that the
stipulated scheduling order applies to your clients' actions.

Your letter begins with the proposition that the actions brought by the Los Angeles County
Employees Retirement Association and Franklin Strategic Adelphia Income Fund, et al. (the "Grant &
Eisenhofer Complaints") are not consolidated with the above referenced litigation. This is
clearly incorrect. The terms of the Order Re: Consolidation relating to "Later Filed Cases"
unquestionably include the actions brought by your clients when it consolidates "actions later
instituted in, removed to, or transferred to this Court that involved claims on behalf of purchasers
of Adelphia securities which are related to the claims of plaintiffs in these consolidated cases, . . .
(b) This Order will apply to each such case that arises out of or is related to the same common
nucleus of fact, subsequently instituted in, removed to, or transferred to this Court" (emphasis
added). Without admitting any of the allegations of the Grant & Eisenhofer Complaints, those
pleadings involve claims on behalf of purchasers of Adelphia securities and arise out of the same
nucleus of facts as the purported class actions. Additionally, your suggestion that the
consolidation is limited to class actions in inconsistent with and finds no support in the order
which consolidates the entirety of this litigation, including class actions, opt outs and derivative
actions. It is therefore clear that the Grant & Eisenhofer Complaints have been consolidated into
the Master Adelphia Securities Litigation.

As for scheduling of deadlines for responsive pleadings, the Stipulation and [Proposed]
Scheduling Order, which applies to all actions in the Master Litigation, provides that the
defendants need not answer or otherwise respond (specifically including the making of a motion

NYDOCS1\BC0097K2.01

July 29, 2002
Page 2

to dismiss) to the various complaints that have been filed until after the filing of a consolidated complaint. This stipulated and proposed order is currently before the Court and in response to requests made weeks ago regarding its status, the parties were provided guidance by the Judge's deputy clerk to abide by the terms of the stipulation until the Court has an opportunity to rule on the proposed order. Further, following the resolution of the consolidation issue and without prejudice to your clients' decision whether to amend its complaint, join in the anticipated amended consolidated complaint or otherwise stand on the complaints that you have filed, we are willing to discuss a separate scheduling order relating to your clients.

Further, the stipulation and proposed order contains a provision wherein the summons shall be deemed properly served on our clients. While we believe all parts of the stipulation apply to the parties to the consolidated litigation, including your clients, you are advised that we otherwise assert that our clients have not been personally served with the Grant & Eisenhofer Complaints. The Delaware statutory provision you refer to in your letter[1] does not stand for the proposition that Adelphia's designated Delaware agent for the service of process is also so designated on behalf of these directors. The statute is limited in its grant of agency and its scope and your attempt to expand it beyond these limitations is unwarranted and unsupported.

Finally, your intention to move for default judgments against our clients in plainly frivolous under these circumstances. In the event that you continue to plan to move for a default judgment here, please advise as soon as possible so that we can seek a conference with the Judge to resolve this issue.

Sincerely,

Lawrence H. Cooke II

cc:    **By Facsimile**
       Phil Korologus, Esq.
       Max R. Shulman, Esq.
       Glenn A. Mitchell, Esq.
       Deborah R. Gross, Esq.
       Francis S. Chlapowski, Esq.
       Robert L. Hickok, Esq.

---

[1] We believe you are referring to 10 Del C. §3114, not 8 Del C. §3114 as identified in your letter.

NYOLIB1\LHCC47963.91

Sep-09-02    04:17pm    From-Ballard Spahr    215 864 8999    T-260    P.013/020    F-745

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>ADELPHIA COMMUNICATIONS<br>SECURITIES LITIGATION<br><br><br>THIS DOCUMENT RELATES TO | MASTER FILE NO. 02-CV-1781<br><br><br><br>ALL ACTIONS |

### [PROPOSED] SUPPLEMENTAL ORDER

WHEREAS, this Court entered an Order on April 30, 2002, consolidating under the caption *In re Adelphia Securities Litigation* ("*In re Adelphia*"), 02-CV-1781, all actions that relate to Adelphia Communications Corporation ("Adelphia") and that arise out of a common set of facts;

WHEREAS, the above referenced Order specified that its terms apply to actions later instituted in, removed to or transferred to this Court that involved claims on behalf of the purchasers of Adelphia securities which are related to the claims of plaintiffs in the consolidated cases;

WHEREAS subsequent to April 30, 2002, actions were filed in the Eastern District of Pennsylvania arising out of or related to the same common nucleus of fact as the consolidated cases, which subsequently filed actions are listed below:

*D'Asaro v. Adelphia Communications Corp.*, C.A. #02-CV-2618;
*Kiefer v. Adelphia Communications Corp.*, C.A. #02-CV-3186;
*Turrell v. Adelphia Communications Corp.*, C.A. #-02-CV-3197;
*Burstein v. Adelphia Communications Corp.*, C.A. #02-CV-3273;
*Argent Classic Convertible Arbitrage Fund, L.P.*, C.A. #02-CV-3547;
*Victor v. Adelphia Communications Corp.*, C.A. #02-CV-3659;
*New York City Employees' Retirement Sys. v. Adelphia Communications Corp.*, C.A. #02-CV-3778;
*LA County Employees Retirement Ass'n v. Rigas et al.*, C.A. #02-CV-4086;
*Huhn v. Rigas*, C.A. #02-CV-4334;
*Franklin Strategic Income Fund v. Rigas*, C.A. #02-CV-4292;
*Feivel Gottlieb Restated Defined Benefit Trust v. Rigas*, C.A. #02-CV-4486

*VR Associates v. Adelphia Communications Corp.* C.A. #02-CV-2238;
*Weiner v. Rigas*, C.A. #02-CV-3211;
*Seebacher v. Adelphia Communications Corp.*, C.A. #02-CV-3264;
*Matovich v. Adelphia Communications Corp.*, C.A. #02-CV-3561;
*Burnside v. Rigas*, C.A. #02-CV-3769;
*Hyslip v. Rigas*, C.A. #02-CV-3768;

It is hereby ORDERED that:

1.  The above-referenced actions are consolidated for all purposes, including but not limited to discovery and all pretrial and trial proceedings, under the caption *In re Adelphia*, according to the procedures set forth in this Court's April 30, 2002 Order.

2.  The Clerk's Office is directed to consolidate for all purposes under the caption *In re Adelphia*, according to the procedures set forth in this Court's April 30, 2002 Order, all actions later instituted in, removed to, or transferred to this Court that involve claims on behalf of the purchasers of Adelphia debt or stock securities, whether individual or on behalf of a class and which are related to the claims of plaintiffs in these consolidated actions.

3.  Defendants' time to move against or answer any of the complaints consolidated under the caption *In re Adelphia* is hereby stayed until sixty (60) days following the filing of an Amended Consolidated Complaint in *In re Adelphia* or until such later time as the parties agree or the Court so orders.

4.  This Supplemental Order clarifies and implements the terms of this Court's April 30, 2002, Consolidation Order, which remains in effect until otherwise so ordered by this Court.

Dated: _____

_____
Hutton, J.

## CERTIFICATE OF SERVICE

I, Joel E. Tasca, hereby certify that on August 2, 2002, I served the foregoing

Motion of Deloitte & Touche LLP to Implement this Court's Consolidation Order dated April

30, 2002 upon the counsel on the attached service list via first class mail postage pre-paid.

Joel E. Tasca

# SERVICE LIST

Evan J. Smith, Esquire
BRODSKY & SMITH, LLC
11 Bala Avenue, Suite 39
Bala Cynwyd, PA 19004-3210

Steven E. Cauley, Esquire
CAULEY GELLER BOWMAN & COATES, LLP
Post Office Box 25438
Little Rock, AR 72221

Robert I. Harwood, Esquire
Matt Houston, Esquire
WECHSLER HARWOOD HALEBIAN & FEFFER, LLP
488 Madison Avenue, 8th Floor
New York, NY 10022

Deborah R. Gross, Esquire
Susan R. Gross, Esquire
LAW OFFICES OF BERNARD M. GROSS, P.C.
1515 Locust Street, Second Floor
Philadelphia, PA 19102

Steven G. Schulman, Esquire
Samuel H. Rudman, Esquire
MILBERG WEISS BERSHAD HYNES & LERACH, LLP
One Pennsylvania Plaza, 49th Floor
New York, NY 10119

Nadeem Faruqi, Esquire
FARUQI & FARUQI
320 East 39th Street
New York, NY 10016

Robert S. Schachter, Esquire
Richard A. Speirs, Esquire
ZWERLING, SCHACHTER & ZWERLING
767 Third Avenue
New York, NY 10017

Jules Brody, Esquire
Patrick Slyne, Esquire
STULL, STULL & BRODY
6 East 45th Street
New York, NY 10017

Gregory M. Egleston, Esquire
BERNSTEIN LIEBHARD & LIFSHITZ, LLP
10 East 40th Street
New York, NY 10016

Fred Isquith, Esquire
WOLF HALDENSTEIN ADLER FREEMAN & HERZ
270 Madison Avenue
New York, NY 10016

## SERVICE LIST

Jeffrey Block, Esquire
BERMAN DEVELARIO PEASE TABACCO BURT & PUCILO
One Liberty Square
Boston, MA 02109

Robert Roseman, Esquire
SPECTOR ROSEMAN & KODROFF
1818 Market Street, Suite 2500
Philadelphia, PA 19103

Scott Poynter, Esquire
CAULEY & GELLER
11311 Arcade Drive, Suite 201
Little Rock, AR 72212

COHEN MILSTEIN HAUSFELD & TOLL
999 Third Avenue, Suite 3600
Seattle, WA 98104

Steven J. Toll, Esquire
COHEN MILSTEIN HAUSFELD & TOLL
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005

Steven J. Toll, Esquire
COHEN MILSTEIN HAUSFELD & TOLL
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005

Patrick V. Dahlstrom, Esquire
Leigh R. Handelman, Esquire
POMERANTZ HAUDEK BLOCK GROSSMAN & GROSS LLP
One North LaSalle Street, Suite 2225
Chicago, IL 60602

Andrew Schatz, Esquire
SCHATZ & NOBEL, P.C.
330 Main Street
Hartford, CT 06106

Vincent Cappucci, Esquire
Robert Cappucci, Esquire
ENTWISTLE & CAPPUCCI, LLP
299 Park Avenue, 14th Floor
New York NY 10171

Josh Fuller, Esquire
FULLER & SUAREZ, P.A.
201 Alhambra Circle
Suntrust Plaza, Suite 602
Coral Gables, FL 33135

## SERVICE LIST

Lee Squitieri, Esquire
Stephen J. Fearon, Jr., Esquire
SQUITIERI & FEARON, LLP
521 Fifth Avenue, 26th Floor
New York, NY 10175

Kenneth A. Wexler, Esquire
KENNETH A. WEXLER & ASSOCIATES
One North LaSalle Street, Suite 2000
Chicago, IL 60602

James Bonner, Esquire
SHALOV STONE & BONNER
276 Fifth Avenue, Suite 704
New York, NY 10011

John G. Emerson, Jr., Esquire
THE EMERSON FIRM
Post Office Box 25336
Little Rock, AR 72221

Robert L. Hickok, Esquire
PEPPER HAMILTON LLP
3000 Two Logan Square
Philadelphia, PA 19103

Philip C. Korologos, Esquire
BOIES, SCHILLER & FLEXNER, LLP
80 Business Park Drive, Suite 110
Armonk, NY 10504

Glenn A. Mitchell, Esquire
Andrew M. Beato, Esquire
STEIN MITCHELL & MEZINES
1100 Connecticut Avenue, N.W.
Suite 1100
Washington, DC 20036

Jeffrey W. Golan, Esquire
BARRACK, RODOS & BACINE
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103-7087

Darren J. Check, Esquire
SCHIFFRIN & BARROWAY, LLP
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004

Sherrie R. Savett, Esquire
Robin B. Switzenbaum, Esquire
BERGER & MONTAGUE, PC
1622 Locust Street
Philadelphia, PA 19103

## SERVICE LIST

Ira Neil Richards, Esquire
TRUJILLO, RODRIGUEZ & RICHARDS, LLC
226 W. Rittenhouse Square
The Penthouse
Philadelphia, PA  19103

Solomon B. Cera, Esquire
GOLD BENNETT CERA & SIDENER LLP
595 Market Street, Suite 2300
San Francisco, CA 94105

Marc S. Henzel, Esquire
LAW OFFICES OF MARC S. HENZEL
273 Montgomery Avenue, Suite 202
Bala Cynwyd, PA  19004

Hon. Arlin M. Adams
SCHNADER HARRISON SEGAL & LEWIS, LLP
1600 Market Street, Suite 3600
Philadelphia, PA  19103

Harvey Greenfield, Esquire
THE LAW FIRM OF HARVEY GREENFIELD
60 East 42nd Street, Suite 2001
New York, NY 10165

Marc A. Topaz, Esquire
Stuart Berman, Esquire
SCHIFFRIN & BARROWAY, LLP
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA  19004

Dennis J. Johnson
Johnson & Perkinson
1690 Williston Road
South Burlington, VT  05403

Joesph C. Kohn
Kohn Swift & Graf PC
One S. Broad Street, Ste. 2100
Philadelphia, PA  19107

Geoffrey C. Garvis
Grant & Eisenhofer PA
1220 N. Market Street, Ste. 500
Wilmington, DE  19801

Lawrence M. Rolnick
Lowenstein, Sandler, Kohl, Fisher & Boylan
65 Livingston Avenue
Roseland, NJ  07068

**EXHIBIT C**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                              :

ADELPHIA COMMUNICATIONS                  :    MASTER FILE NO. 02-1781
SECURITIES LITIGATION
                                                    :
_____
                                                    :
THIS DOCUMENT RELATES TO:                :

LOS ANGELES COUNTY EMPLOYEES            :    CASE NO. 02-CV-4086
RETIREMENT ASSOCIATION
                                                    :
              v.                                    :

JOHN J. RIGAS, et al.                         :

_____        :

FRANKLIN STRATEGIC INCOME FUND          :    CASE NO. 02-CV-4292

              v.                                    :

JOHN J. RIGAS, et al.                         :

## ORDER

AND NOW, this _____ day of _____, 2002, upon consideration of the

Expedited Motion of Defendants Coyle, Kailbourne, Gelber, Metros and Deloitte & Touche LLP

for an Extension of Time to Respond to Certain Complaints, and any response thereto, it is

hereby ORDERED that the Motion is GRANTED, and that Defendants' time for responding to

the complaints in *Los Angeles County Employees Retirement Association v. Rigas, et al.*, No. 02-

CV-4086, and *Franklin Strategic Income Fund v. Rigas, et al.*, No. 02-CV-4292 is extended until

the Court decides the Motion of Deloitte & Touche LLP to Implement the Court's Consolidation

Order Dated April 30, 2002.

BY THE COURT:

_____
                                                J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                          :

ADELPHIA COMMUNICATIONS                         :      MASTER FILE NO. 02-1781
SECURITIES LITIGATION                           :
_____                 :

THIS DOCUMENT RELATES TO:                       :

LOS ANGELES COUNTY EMPLOYEES                     :      CASE NO. 02-CV-4086
RETIREMENT ASSOCIATION                          :

             v.                                 :

JOHN J. RIGAS, et al.                           :
_____                 :

FRANKLIN STRATEGIC INCOME FUND                  :      CASE NO. 02-CV-4292

             v.                                 :

JOHN J. RIGAS, et al.                           :

**EXPEDITED MOTION OF DEFENDANTS COYLE,
KAILBOURNE, GELBER, METROS AND DELOITTE &
TOUCHE LLP FOR AN EXTENSION OF TIME
TO RESPOND TO CERTAIN COMPLAINTS**

Defendants Deloitte & Touche LLP ("Deloitte"), Dennis P. Coyle, Erland E.

Kailbourne, Leslie L. Gelber, and Pete J. Metros (collectively "Moving Defendants"), by their

undersigned counsel, hereby move for an extension of time to respond to the complaints in the

two actions identified above.  In support of this motion, Moving Defendants aver as follows:

        1.      On April 30, 2002, this Court entered an order consolidating a number of

actions filed as of that date under the caption *In re Adelphia Securities Litigation,* No. 02-CV-

1781 ("*in re Adelphia*"), on the ground that these actions "arise out of a common set of facts, and

should be consolidated into one single action."  The consolidation order explicitly anticipated

that there would be "Later Filed Cases" that would be consolidated with the ones filed as of April 30, 2002.

    2.    On August 2, 2002, Deloitte filed a Motion to Implement the consolidation order which – consistent with the express terms of the order – sought to perfect the consolidation of actions filed after April 30, 2002 (the "later-filed actions"). As part of the Motion to Implement, Deloitte requested that its time to move against or answer any of the complaints consolidated under *In re Adelphia* be stayed until sixty (60) days following the filing of an Amended Consolidated Complaint or until such time as the parties agreed or the Court so ordered. The other Moving Defendants have joined in Deloitte's Motion to Implement.

    3.    Moving Defendants have reached various agreements with the plaintiffs in the later-filed actions for extensions of time to respond to the complaints in those actions at least until the Court rules on the Motion to Implement. However, the plaintiffs in two of the later-filed actions – *Los Angeles County Employees Retirement Association v. Rigas, et al.*, No. 02-CV-4086 (the "LACERA" action) and *Franklin Strategic Income Fund v. Rigas, et al.*, No. 02-CV-4292 (the "Franklin" action) – have refused to agree to any such extension. Instead, the *LACERA* and *Franklin* plaintiffs have threatened to seek default judgments if Moving Defendants do not respond to plaintiffs' complaints by the current September 3, 2002 response date in those actions.

    4.    The refusal of the *LACERA* and *Franklin* plaintiffs to agree to extend Moving Defendants' response time until resolution of the Motion to Implement is entirely unreasonable. As noted above, the Motion to Implement requests that Moving Defendants' obligation to respond to the complaints in *all* of the consolidated actions be extended until the filing of an Amended Consolidated Complaint. This approach would put all of the cases on the

same track, as contemplated by the Court's consolidation order. The *LACERA* and *Franklin* plaintiffs fear the Motion to Implement will be granted, and are refusing to agree to Moving Defendants' reasonable request for an extension simply to get a "head-start" on the other plaintiffs. This would result in administrative chaos and a concomitant waste of time, effort and resources if multiple proceedings were permitted to proceed along separate procedural tracks. This Court should not countenance the tactics of the *LACERA* and *Franklin* plaintiffs.

     5.    Because a response to the complaints filed in the *LACERA* and *Franklin* actions is due on September 3, 2002, Moving Defendants respectfully request expedited treatment of this motion.

WHEREFORE, Moving Defendants respectfully requests that the Court grant them an extension of time to respond to the complaints in the *LACERA* and *Franklin* actions until the Motion to Implement is decided.

Alan J. Davis
William A. Slaughter
Joel E. Tasca
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 864-8230/8114/8188
(215) 864-8999 (fax)
Counsel for Defendant
Deloitte & Touche LLP

Robert L. Hickok
PEPPER HAMILTON LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103-2799
(215) 981-4000
(215) 981-4750 (fax)
Counsel for Defendants
Dennis P. Coyle, Erland E. Kailbourne,
Leslie L. Gelber and Pete J.Metros

Dated: August 22, 2002

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2002, a true and correct copy of the foregoing

Expedited Motion of Defendants Coyle, Kailbourne, Gelber, Metros and Deloitte & Touche LLP

for an Extension of Time to Respond to Certain Complaints was served via facsimile and Federal

Express upon:

> Stuart M. Grant, Esquire
> Megan D. McIntyre, Esquire
> GRANT & EISENHOFER PA
> 1201 N. Market Street, Ste. 2100
> Wilmington, DE 19801
> Facsimile (302) 622-7100

and via first class mail, postage prepaid upon:

Evan J. Smith, Esquire
BRODSKY & SMITH, LLC
11 Bala Avenue, Suite 39
Bala Cynwyd, PA 19004-3210

Steven E. Cauley, Esquire
Scott Poynter, Esquire
CAULEY GELLER BOWMAN & COATES, LLP
Post Office Box 25438
Little Rock, AR 72221

Robert I. Harwood, Esquire
Matt Houston, Esquire
WECHSLER HARWOOD HALEBIAN & FEFFER, LLP
488 Madison Avenue, 8th Floor
New York, NY 10022

Deborah R. Gross, Esquire
Susan R. Gross, Esquire
LAW OFFICES OF BERNARD M. GROSS, P.C.
1515 Locust Street, Second Floor
Philadelphia, PA 19102

Steven G. Schulman, Esquire
Samuel H. Rudman, Esquire
MILBERG WEISS BERSHAD HYNES & LERACH, LLP
One Pennsylvania Plaza, 49th Floor
New York, NY 10119

Nadeem Faruqi, Esquire
FARUQI & FARUQI
320 East 39th Street
New York, NY 10016

Robert S. Schachter, Esquire
Richard A. Speirs, Esquire
ZWERLING, SCHACHTER & ZWERLING
767 Third Avenue
New York, NY 10017

Jules Brody, Esquire
Patrick Slyne, Esquire
STULL, STULL & BRODY
6 East 45th Street
New York, NY 10017

PHL_A #1659354 v1

Gregory M. Egleston, Esquire
BERNSTEIN LIEBHARD & LIFSHITZ, LLP
10 East 40th Street
New York, NY 10016

Fred Isquith, Esquire
WOLF HALDENSTEIN ADLER FREEMAN &
HERZ
270 Madison Avenue
New York, NY 10016

Jeffrey Block, Esquire
BERMAN DEVELARIO PEASE TABACCO BURT &
PUCILO
One Liberty Square
Boston, MA 02109

Robert Roseman, Esquire
SPECTOR ROSEMAN & KODROFF
1818 Market Street, Suite 2500
Philadelphia, PA 19103

Howard G. Smith, Esquire
3070 Bristol Pike, Suite 112
Bensalem, PA 19020

Thomas E.L. Dewey, Esquire
DEWEY PEGNO & KRAMARSKY LLP
30 Broad Street
New York, NY 10004

Steven J. Toll, Esquire
COHEN MILSTEIN HAUSFELD & TOLL
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005

Thomas S. Biemer, Esquire
DILWORTH PAXSON
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103-7595

Patrick V. Dahlstrom, Esquire
Leigh R. Handelman, Esquire
POMERANTZ HAUDEK BLOCK GROSSMAN &
        GROSS LLP
One North LaSalle Street, Suite 2225
Chicago, IL 60602

Andrew Schatz, Esquire
SCHATZ & NOBEL, P.C.
330 Main Street
Hartford, CT 06106

Vincent Cappucci, Esquire
Robert Cappucci, Esquire
ENTWISTLE & CAPPUCCI, LLP
299 Park Avenue, 14th Floor
New York NY 10171

Josh Fuller, Esquire
FULLER & SUAREZ, P.A.
201 Alhambra Circle
Suntrust Plaza, Suite 602
Coral Gables, FL 33135

Lee Squitieri, Esquire
Stephen J. Fearon, Jr., Esquire
SQUITIERI & FEARON, LLP
521 Fifth Avenue, 26th Floor
New York, NY 10175

Kenneth A. Wexler, Esquire
KENNETH A. WEXLER & ASSOCIATES
One North LaSalle Street, Suite 2000
Chicago, IL 60602

James Bonner, Esquire
SHALOV STONE & BONNER
276 Fifth Avenue, Suite 704
New York, NY 10011

John G. Emerson, Jr., Esquire
THE EMERSON FIRM
Post Office Box 25336
Little Rock, AR 72221

Charles J. Piven, Esquire
LAW OFFICES OF CHARLES J. PIVEN
World Trade Center (Suite 2525)
Baltimore, MD 21202

Philip C. Korologos, Esquire
BOIES, SCHILLER & FLEXNER, LLP
80 Business Park Drive, Suite 110
Armonk, NY 10504

Glenn A. Mitchell, Esquire
Andrew M. Beato, Esquire
STEIN MITCHELL & MEZINES
1100 Connecticut Avenue, N.W.
Suite 1100
Washington, DC 20036

Jeffrey W. Golan, Esquire
BARRACK, RODOS & BACINE
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103-7087

Darren J. Check, Esquire
SCHIFFRIN & BARROWAY, LLP
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004

Sherrie R. Savett, Esquire
Robin B. Switzenbaum, Esquire
BERGER & MONTAGUE, PC
1622 Locust Street
Philadelphia, PA 19103

Ira Neil Richards, Esquire
TRUJILLO, RODRIGUEZ & RICHARDS, LLC
226 W. Rittenhouse Square
The Penthouse
Philadelphia, PA 19103

Solomon B. Cera, Esquire
GOLD BENNETT CERA & SIDENER LLP
595 Market Street, Suite 2300
San Francisco, CA 94105

Marc S. Henzel, Esquire
LAW OFFICES OF MARC S. HENZEL
273 Montgomery Avenue, Suite 202
Bala Cynwyd, PA 19004

Hon. Arlin M. Adams
SCHNADER HARRISON SEGAL & LEWIS,
LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103

Harvey Greenfield, Esquire
THE LAW FIRM OF HARVEY GREENFIELD
60 East 42nd Street, Suite 2001
New York, NY 10165

Marc A. Topaz, Esquire
Stuart Berman, Esquire
SCHIFFRIN & BARROWAY, LLP
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004

Dennis J. Johnson, Esquire
JOHNSON & PERKINSON
1690 Williston Road
South Burlington, VT 05403

Joseph C. Kohn, Esquire
KOHN SWIFT & GRAF PC
One S. Broad Street, Ste. 2100
Philadelphia, PA 19107

Gregory A. Markel, Esquire
Lawrence G. Cooke, II, Esquire
BROBECK, PHELGER & HARRISON, LLP
1633 Broadway, 47th Floor
New York, NY 10019

Nicholas E. Chimicles, Esquire
Denise Davis Schwartzman, Esquire
CHIMICLES & TIKELLIS, LLP
361 West Lancaster Ave.
Haverford, PA 19041

Scott R. Shepherd, Esquire
SHEPHERD & FINKELMAN LLC
117 Gayley Street, Suite 200
Media, PA 19063

Peter Lennon, Esquire
KAPLAN, FOX & KILSHEIMER LLP
2200 West Chester Pike
Broomall, PA 19008

Brian M. Felgoise, Esquire
LAW OFFICE OF BRIAN M. FELGOISE
230 South Broad Street
Suite 404
Philadelphia, PA 19102

Martin Chitwood, Esquire
CHITWOOD & HARLEY
2900 Promenade II
1230 Peachtree Street, N.E.
Atlanta, GA 30309

Michael I. Fistel, Jr., Esquire
HOLZER & HOLZER
6135 Barfield Road, Suite 102
Atlanta, GA 30328

Roger LeBlanc, Esquire
LEBLANC & WADELL, LLP
5353 Essen Lane, Suite 420
Baton Rouge, LA 70809

Lawrence M. Rolnick, Esquire
LOWENSTEIN, SANDLER, KOHL, FISHER
& BOYLAN
65 Livingston Avenue
Roseland, NJ 07068

Jonathan P. Bach, Esquire
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY 10104-0050

William M. Connolly, Esquire
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996

Mark C. Gardy, Esquire
ABBEY GARDY LLP
212 East 39th Street
New York, NY 10016

Douglas M. McGeige, Esquire
Max Berger, Esquire
BERNSTEIN LITOWITZ BERGER &
GROSSMAN
1285 Avenue of the Americas
New York, NY 10019

Jonathan M. Plasse, Esquire
GOODKIND LABATON RUDOFF &
SUCHAROW LLP
100 Park Avenue
New York, NY 10017

Mark A. Strauss, Esquire
KIRBY McINERNEY & SQUIRE LLP
830 Third Avenue
New York, NY 10022

Charles Barton, Esquire
McGINNIS LOCHRIDGE & KILGORE, LLP
919 Congress Avenue
Austin, TX 78701

Bruce G. Murphy, Esquire
LAW OFFICE OF BRUCE G. MURPHY
265 Llwyds Lane
Vero Beach, FL 32963

Joel E. Tasca

**EXHIBIT D**

(G)

HH

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

02 AUG 22 PM 6: 57

IN RE:                                              :

ADELPHIA COMMUNICATIONS                             :        MASTER FILE NO. 02-1781
SECURITIES LITIGATION                               :

---

                                                    :        FILED AUG 2 7 2002
THIS DOCUMENT RELATES TO:                           :

LOS ANGELES COUNTY EMPLOYEES                        :        CASE NO. 02-CV-4086
RETIREMENT ASSOCIATION                              :

                    v.                              :

JOHN J. RIGAS, et al.                               :

---

FRANKLIN STRATEGIC INCOME FUND                      :        CASE NO. 02-CV-4292

                    v.                              :

JOHN J. RIGAS, et al.                               :

### ORDER

AND NOW, this 27th day of August, 2002, upon consideration of the

Expedited Motion of Defendants Coyle, Kailbourne, Gelber, Metros and Deloitte & Touche LLP

for an Extension of Time to Respond to Certain Complaints, and any response thereto, it is

hereby ORDERED that the Motion is GRANTED, and that Defendants' time for responding to

the complaints in *Los Angeles County Employees Retirement Association v. Rigas, et al.*, No. 02-

CV-4086, and *Franklin Strategic Income Fund v. Rigas, et al.*, No. 02-CV-4292 is extended until

the Court decides the Motion of Deloitte & Touche LLP to Implement the Court's Consolidation

Order Dated April 30, 2002.

ENTERED

AUG 2 8 2002

CLERK OF COURT

BY THE COURT:

_____ J.

**EXHIBIT E**



PHILADELPHIA
ATLANTA
CHARLOTTE
CHERRY HILL
CHICAGO
DALLAS
LAS VEGAS
LONDON
LOS ANGELES

**COZEN**
**O'CONNOR**
ATTORNEYS

NEW YORK
NEWARK
SAN DIEGO
SAN FRANCISCO
SEATTLE
WASHINGTON, DC
WEST CONSHOHOCKEN
WILMINGTON

A PROFESSIONAL CORPORATION

1900 MARKET STREET    PHILADELPHIA, PA 19103-3508    215.665.2000    800.523.2900    215.665.2013 FAX    www.cozen.com

AARON KRAUSS
DIRECT DIAL (215) 665-4181
DIRECT FAX (215) 665-2013
E-MAIL: AKRAUSS@COZEN.COM

September 6, 2002

**VIA FACSIMILE**
Megan D. McIntyre, Esquire
Grant & Eisenhofer P.A.
1201 N. Market Street, Suite 2100
Wilmington, DE  19801

Re:    <u>Los Angeles County Employees Retirement Association vs. John J.
Rigas</u>, E.D. Pa. No. 02-4086
<u>Franklin Strategic Income Fund vs. John J. Rigas</u>, E.D. Pa. No. 02-
4292
E.D. Pa. Master File No. 02-CV-1781
Our File No. 128233

Dear Megan:

As we discussed, I have enclosed a proposed stipulation which we believe is
appropriate in light of Judge Hutton's August 27, 2002 order extending the time for Deloitte &
Touche, and directors Coyle, Kailbourne, Gelber and Metros, to respond to the complaints you
filed in this matter pending the determination of Deloitte & Touche's motion to Implement the
Court's April 30, 2002 Consolidation Order.  As I told you over the phone, Goodkind Labaton
Rudoff & Sucharow LLP has agreed to this stipulation in their case.

I understand that you will give me a call on Monday or Tuesday to discuss this
matter, and whether you are willing to add your signature to this stipulation.

Sincerely,

COZEN O'CONNOR

BY:    AARON KRAUSS

Enclosure

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE ADELPHIA COMMUNICATIONS SECURITIES LITIGATION | : : : | Master File No. 02CV1781 |
| | : | **CLASS ACTION** |
| THIS DOCUMENT RELATES TO: Los Angeles County Employees Retirement Association vs. John J. Rigas | : : : : | E.D. Pa. No. 02-4086 |
| Franklin Strategic Income Fund vs. John J. Rigas | : : : | E.D. Pa. No. 02-4292 |

## STIPULATION

It is hereby stipulated and agreed that the time for Peter Venetis to answer, move, or otherwise plead with respect to the complaint in this matter is extended as follows:

(a) If the Court denies Deloitte & Touche's Motion to Implement the Court's April 30, 2002 Consolidation Order, Peter Venetis will answer, move, or otherwise plead with respect to the Los Angeles County Employees Retirement Association and Franklin Strategic Income Fund complaints thirty days after the denial of the motion.

(b) If the Court grants Deloitte & Touche's Motion to Implement the Court's April 30, 2002 Consolidation Order, Peter Venetis' obligation to answer, move, or otherwise plead with respect to the Los Angeles County Employees Retirement Association and Franklin Strategic Income Fund complaints shall be governed by the consolidation order and the Court's

subsequent scheduling orders.

### SO STIPULATED AND AGREED:


_____          _____
Patrick J. O'Connor                       Stuart M. Grant
David M. Doret                            Jay W. Eisenhofer
Aaron Krauss                              Geoffrey C. Jarvis
COZEN O'CONNOR                            Megan D. McIntyre
1900 Market Street                        GRANT & EISENHOFER P.A.
Philadelphia, PA  19103                   1201 N. Market Street, Suite 2100
(215) 665-2000                            Wilmington, DE   19801
                                          (302) 622-7000


Attorneys for Defendant Peter Venetis     Attorneys for Los Angeles County Employees
                                          Retirement Association and Franklin Strategic
                                          Income Fund


Dated:  September 6, 2002                  Dated:


### APPROVED AND SO ORDERED:


_____
Herbert J. Hutton, J.

**EXHIBIT F**

PHILADELPHIA
ATLANTA
CHARLOTTE
CHERRY HILL
CHICAGO
DALLAS
LAS VEGAS
LONDON
LOS ANGELES



**COZEN**
**O'CONNOR**
ATTORNEYS

NEW YORK
NEWARK
SAN DIEGO
SAN FRANCISCO
SEATTLE
WASHINGTON, DC
WEST CONSHOHOCKEN
WILMINGTON

A PROFESSIONAL CORPORATION

1900 MARKET STREET    PHILADELPHIA, PA 19103-3508    215.665.2000    800.523.2900    215.665.2013 FAX    www.cozen.com

AARON KRAUSS
DIRECT DIAL (215) 665-4181
DIRECT FAX (215) 665-2013
E-MAIL: AKRAUSS@COZEN.COM

September 6, 2002

**VIA FACSIMILE**
Megan D. McIntyre, Esquire
Grant & Eisenhofer P.A.
1201 N. Market Street, Suite 2100
Wilmington, DE 19801

Re:    Los Angeles County Employees Retirement Association vs. John J.
       Rigas, E.D. Pa. No. 02-4086
       Franklin Strategic Income Fund vs. John J. Rigas, E.D. Pa. No. 02-
       4292
       E.D. Pa. Master File No. 02-CV-1781
       Our File No. 128233

Dear Megan:

        This confirms that, despite Judge Hutton's August 27, 2002 order extending the
time for Deloitte & Touche, and directors Coyle, Kailbourne, Gelber and Metros, to respond to
the complaints you filed in this matter pending the determination of Deloitte & Touche's motion
to Implement the Court's April 30, 2002 Consolidation Order, you are unwilling to enter into a
stipulation extending Peter Venetis' time to respond to the complaints you have filed until
Deloitte's motion is resolved.  On the contrary, you informed me that your clients are not willing
to grant an extension beyond September 24, 2002, and that I will have to file a motion if I want
Judge Hutton's August 27, 2002 order to apply to Peter Venetis.

                    Sincerely,

                    COZEN O'CONNOR

                    BY:   AARON KRAUSS