IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOS ANGELES COUNTY EMPLOYEES RETIREMENT ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>JOHN J. RIGAS, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 02cv4086<br>)<br>)<br>)<br>) |

**PLAINTIFF'S RESPONSE TO EXPEDITED MOTION OF
DEFENDANT PETER VENETIS FOR AN ADDITIONAL
EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' COMPLAINTS**

Plaintiff Los Angeles County Employees Retirement Association ("LACERA" or "Plaintiff") hereby responds in opposition to the motion of defendant Peter Venetis ("Venetis") for a further and indefinite extension of time to respond to the complaints in the above-captioned actions. The grounds for LACERA's opposition to this motion are as follows:

1. On June 26, 2002, LACERA filed an individual (i.e., non-class) action against Venetis and certain other defendants in connection with LACERA's purchases of approximately $38 million principal amount of debt securities issued by Adelphia Communications Corporation ("Adelphia"). Venetis is the son-in-law of Adelphia's founder, John Rigas, and was a director of Adelphia from 1999 until the board demanded his resignation in or about June 2002. Venetis was served with the summons and complaint via service on Adelphia's registered agent on July 1, 2002, rendering his response due on July 22, 2002. See Exhibit A.

2. In late August 2002, approximately two months after the complaint was filed, and well beyond the twenty days provided by the Rule 12 for Venetis to respond to the complaint,

Venetis's counsel contacted LACERA's counsel and requested an extension of time to respond. LACERA's counsel agreed to an extension until September 24, 2002, subject to defendant Venetis's agreement that he would not contest personal jurisdiction or the sufficiency of process or service. This extension would have given defendant Venetis nearly three full months since the filing of the complaint to prepare his response. LACERA's counsel sent a proposed stipulation reflecting this extension to Venetis' counsel (see Exhibit B), but never heard back from Venetis' counsel as to whether it was acceptable. Therefore, the stipulation was never executed.

3. On August 22, 2002, defendant Deloitte & Touche LLP and certain of Venetis' other co-defendants filed a motion with this Court seeking an indefinite extension of time to respond to the complaint while the Court considers a motion filed by Deloitte for a determination that LACERA's individual action (among others) has been consolidated with the class actions pending in this Court (the "Consolidation Motion"). On August 27, 2002, this Court granted those defendants an extension of time, over LACERA's objection, until the Consolidation Motion is resolved.[1]

4. Venetis now seeks the same indefinite extension of time that was granted to Deloitte. Venetis does not claim that he actually needs more time, but rather seeks the extension because he wants to be treated the same as the other defendants. LACERA opposes Venetis' request for the same reasons it opposed Deloitte's request: that it has already agreed to give this defendant an ample an extension of time (indeed, LACERA agreed to give Venetis three weeks

---

[1] Although LACERA responded to the Consolidation Motion a month ago (on August 14, 2002), the Court has not yet decided that motion because extensions of time to respond were requested by, and granted to, the plaintiffs in certain of the other actions that are the subject of the motion.

more time than it agreed to give Deloitte), and there is no reason for any of the defendants' responses to await resolution of the Consolidation Motion, since the outcome of that motion will not affect the defendants' obligation to respond to LACERA's complaint (which, as an individual complaint, would not be superseded by any consolidated class action complaint).

5. In sum, it has been approximately eleven weeks since LACERA's complaint was filed and served on Venetis. Neither the United States Code, the Federal Rules of Civil Procedure, nor any other law provides for a stay of a defendant's obligation to respond to a complaint. Yet, Venetis and the other defendants have managed to obtain just that – an indefinite stay to file a response to the complaint. LACERA has no control over when that stay will expire, because it is dependent upon the resolution of the Consolidation Motion, to which LACERA responded promptly but to which other parties have received extensions of time to respond. Particularly since there has been no showing of any need for additional time, and since the resolution of the Consolidation Motion will not affect Venetis's obligation to respond to LACERA's complaint, LACERA should not be subjected to any further delays of the prosecution of its claims. LACERA respectfully requests that Venetis's motion be denied, and that Venetis be directed to respond to the complaint on or before September 24, 2002.

Respectfully submitted,

_____
Stuart M. Grant (PA Bar #73482)
Megan D. McIntyre
GRANT & EISENHOFER, P.A.
1201 N. Market Street, Suite 2100
Wilmington, DE 19801
(302) 622-7000
(302) 622-7100 (facsimile)
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOS ANGELES COUNTY EMPLOYEES RETIREMENT ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>JOHN J. RIGAS, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 02cv4086<br>)<br>)<br>)<br>) |

## **ORDER**

AND NOW, this _____ day of _____, 2002, upon consideration of the Expedited Motion of Defendant Peter Venetis for an Extension of Time to Respond to Certain Complaints, and upon consideration of the opposition to said motion by plaintiff Los Angeles County Employees Retirement Association, it is hereby ORDERED that the Motion is DENIED, and that defendant Peter Venetis is hereby directed to file his response to the complaint on or before September 24, 2002.

BY THE COURT:

_____
Herbert H. Hutton, J.