IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| LOS ANGELES COUNTY EMPLOYEES RETIREMENT ASSOCIATION, a California public pension fund,<br><br>Plaintiff,<br><br>v.<br><br>JOHN J. RIGAS, TIMOTHY J. RIGAS, JAMES P. RIGAS, MICHAEL J. RIGAS, PETER L. VENETIS, DENNIS P. COYLE, LESLIE J. GELBER, PETE J. METROS, ERLAND E. KAILBOURNE, JAMES R. BROWN, DELOITTE & TOUCHE, LLP, BANC OF AMERICA SECURITIES, LLC, and SALOMON SMITH BARNEY HOLDINGS, INC.,<br><br>Defendants. | CIVIL ACTION NO. 02-CV-4086 |

---

# **O R D E R**

**AND NOW**, this _____ day of September, 2002, upon consideration of the Expedited Motion of defendants Banc of America Securities, LLC and Salomon Smith Barney Holdings, Inc. (the "Underwriter Defendants") for an Extension of Time to Respond to the Complaint, **IT IS ORDERED** that the Motion is **GRANTED**, and that the time for the Underwriter Defendants to answer, move or otherwise plead with respect to the complaint in <u>Los Angeles County Employees Retirement Association vs. John J. Rigas</u>, E.D. Pa. No. 02-4086 ("<u>LACERA</u>") is extended as follows:

(a) If the Court grants the motion of Deloitte & Touche to Implement the Court's April 30, 2002 Consolidation Order, the Underwriter Defendants' obligation to answer, move, or otherwise plead with respect to the <u>LACERA</u> complaint shall be governed by the consolidation order and the Court's subsequent scheduling orders;

      (b)  If the Court denies the motion of Deloitte & Touche to Implement the Court's April 30, 2002 Consolidation Order, the Underwriter Defendants shall answer, move, or otherwise plead with respect to the <u>LACERA</u> complaint within thirty days of the denial of the motion.

                                  **BY THE COURT:**

                                  _____

                                  Herbert J. Hutton, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

LOS ANGELES COUNTY EMPLOYEES RETIREMENT ASSOCIATION, a California public pension fund,

    Plaintiff,

v.

JOHN J. RIGAS, TIMOTHY J. RIGAS, JAMES P. RIGAS, MICHAEL J. RIGAS, PETER L. VENETIS, DENNIS P. COYLE, LESLIE J. GELBER, PETE J. METROS, ERLAND E. KAILBOURNE, JAMES R. BROWN, DELOITTE & TOUCHE, LLP, BANC OF AMERICA SECURITIES, LLC, and SALOMON SMITH BARNEY HOLDINGS, INC.,

    Defendants.

---

CIVIL ACTION NO. 02-CV-4086

**EXPEDITED MOTION OF DEFENDANTS BANC OF AMERICA SECURITIES, LLC AND SALOMON SMITH BARNEY HOLDINGS, INC. FOR AN EXTENSION OF TIME TO RESPOND TO THE COMPLAINT**

Defendants Banc of America Securities, LLC and Salomon Smith Barney Holdings, Inc. (the "Underwriter Defendants") make this expedited motion for an extension of time to answer, move, or otherwise plead with respect to the complaint in Los Angeles County Employees Retirement Association vs. John J. Rigas, E.D. Pa. No. 02-4086 ("LACERA"), and in support thereof state as follows:

**The Consolidation Order**

1.    On April 30, 2002, this Court entered a consolidation order, a copy of which is attached as Exhibit "A". Paragraph five of that Order provides as follows:

> Later Filed Cases. The terms of the Order apply to actions later instituted in, removed to, or transferred to this Court that involved claims on behalf of the purchasers of Adelphia securities which are related to the claims of plaintiffs in these consolidated cases. . . .

2. On June 26, 2002, the firm of Grant & Eisenhofer, P.A. filed a complaint captioned <u>Los Angeles County Employees Retirement Association vs. John J. Rigas</u>, E.D. Pa. No. 02-4086. The <u>LACERA</u> complaint alleged, <u>inter alia</u>, claims on behalf of purchasers of Adelphia debt securities, and noted that related claims (including claims enumerated in this Court's April 30, 2002 consolidation order) were pending.

3. On August 2, 2002, Deloitte and Touche filed a Motion to Implement the Court's April 30, 2002 Consolidation Order. A copy of this motion is attached as Exhibit "B".

4. On August 14, 2002 the Rigas Defendants filed a motion joining in the Motion of Deloitte & Touche to Implement the Court's April 30, 2002 Consolidation Order. A copy of this motion is attached as Exhibit "C".

**Extension of Time for Deloitte & Touche and**
**Individual Defendants to Respond to the Complaint**

5. Although all other plaintiffs agreed to extend the time for Deloitte & Touche to answer, move or otherwise plead with respect to the complaints they had filed until the Motion to Implement the Court's April 30, 2002 Consolidation order was decided, plaintiffs in the <u>LACERA</u> action, and in <u>Franklin Strategic Income Fund v. John J. Rigas</u>, E.D. Pa. No. 02-4292 ("<u>Franklin</u>") – both represented by Grant & Eisenhofer, P.A. – refused to do so.

6. Deloitte & Touche therefore filed an Expedited Motion for an Extension of Time to Respond to Certain Complaints on August 22, 2002. Directors Dennis Coyle, Erland Kailbourne, Leslie Gelber and Peter Metros joined in Deloitte's motion. A copy of this Motion is attached as Exhibit "D".

7. On August 27, 2002, the Court granted the Expedited Motion for an Extension of Time to Respond to Certain Complaints filed by Deloitte, Coyle, Kailbourne,

Gelber and Metros, and relieved them of any obligation to respond to the LACERA and Franklin complaints until after the disposition of Deloitte's Motion to Implement the Court's April 30, 2002 consolidation order. A copy of the Court's August 27, 2002 Order is attached as Exhibit "E".

### Underwriter Defendants' Request for an Extension of Time

8. On August 27, 2002, immediately following the Court's August 27, 2002 Order, counsel for the Underwriter Defendants contacted counsel for LACERA to confirm that they would agree to extend to the Underwriter Defendants an extension similar to the one the Court had granted to Deloitte, Coyle, Kailbourne, Gelber and Metros.

9. Three weeks later, on September 17, 2002, despite the fact that the Court granted the motion filed by Deloitte, Coyle, Kailbourne, Gelber and Metros, the LACERA plaintiff advised the Underwriter Defendants that it refused to agree that the Court's August 27, 2002 Order would extend to the Underwriter Defendants.

10. LACERA also refused to provide defendant Peter L. Venetis with such an extension, and on September 11, 2002, he filed an Expedited Motion for an Extension of Time to Respond to Certain Complaints. A copy of this Motion is attached as Exhibit "F".

### The Extension Would Place all Defendants on a Common Response Deadline

11. There is no reason to require the Underwriter Defendants to respond to the LACERA complaint when (a) Deloitte, Coyle, Kailbourne, Gelber, Metros and Venetis do not have to do so, and (b) the Motion of Deloitte to Implement the Court's April 30, 2002 Consolidation Order would place all consolidated cases on a schedule where all defendants would have a consistent deadline to respond to the complaint.

12. Moreover, granting the Underwriter Defendants' motion for an extension would have the desirable result of giving all defendants a consistent deadline for responding to the complaint, regardless of whether the court grants the motion of Deloitte.

13. The refusal of the LACERA plaintiff to agree to extend the time for the Underwriter Defendants to answer, move, or otherwise plead with respect to its complaint is manifestly unreasonable, and subverts the orderly disposition of these consolidated cases.

14. The Court should therefore order that the time for the Underwriter Defendants to answer, move or otherwise plead with respect to the LACERA complaint be extended until required by the Court's scheduling orders (if the Motion of Deloitte & Touche to Implement the Court's April 30, 2002 Consolidation Order is granted), or until thirty days after the Court's decision on the Motion of Deloitte & Touche to Implement the Court's April 30, 2002 Consolidation Order (if that motion is denied).

15. Because the LACERA plaintiff has refused to agree to extend the time beyond October 21, 2002 for the Underwriter Defendants to answer, move or otherwise plead with respect to their Complaint, the Underwriter Defendants respectfully request expedited treatment of this motion.

Respectfully submitted,

_____
David C. Franceski, Jr.
(I.D. No. 32664)
Thomas W. Dymek
(I.D. No. 86248)
STRADLEY, RONON, STEVENS & YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA  19103-7098
(215) 564-8000

Attorneys for Defendants
Salomon Smith Barney Holdings, Inc. and
Banc of America Securities, LLC

Of Counsel:

Mitchell A. Lowenthal
David E. Brodsky
Jennifer L. Kroman
Stuart N. Mast
CLEARY, GOTTLIEB, STEEN & HAMILTON
One Liberty Plaza
New York, NY 10006

Dated: September 20, 2002
Doc. #616061

## CERTIFICATE OF SERVICE

I, Thomas W. Dymek, hereby certify that on this 20th day of September, 2002, I caused a true and correct copy of the foregoing to be served upon the following:

<u>VIA FIRST CLASS, U.S. MAIL</u>

Geoffrey C. Jarvis, Esquire
Stuart M. Grant, Esquire
Megan D. McIntyre, Esquire
GRANT & EISENHOFER PA
1201 N. Market Street, Suite 2100
Wilmington, DE  19801-2599


Penny Conly Ellison, Esquire
Thomas S. Biemer, Esquire
DILWORTH PAXSON LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA  19103-7595


Patrick J. O'Connor
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA  19103


Joel E. Tasca, Esquire
BALLARD SPAHR ANDREWS & INGERSOLL LLP
1735 Market Street, 51st. Floor
Philadelphia, PA  19103


Robert L. Hickok, Esquire
Jeremy Heep, Esquire
PEPPER HAMILTON LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA  19103-2799

Philip C. Korologos, Esquire
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York  10504

Daniel C. Fleming, Esquire
Henry Oh, Esquire
WONG FLEMING PC
1528 Walnut Street, Suite 1602
Philadelphia, PA  19102

Matthew H. Meade, Esquire
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY  10104-0050

                              Thomas W. Dymek

Doc. #610781

7