IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOS ANGELES COUNTY EMPLOYEES RETIREMENT ASSOCIATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 02cv4086 ) |
| JOHN J. RIGAS, et al., | ) ) |
| Defendants. | ) |

## ORDER

AND NOW, this _____ day of _____, 2002, upon consideration of the Expedited Motion of Defendants Banc of America Securities, LLC and Salomon Smith Barney Holdings, Inc. for an Extension of Time to Respond to the Complaint, and upon consideration of the opposition to said motion by plaintiff Los Angeles County Employees Retirement Association, it is hereby ORDERED that the Motion is DENIED.

BY THE COURT:

_____
Herbert H. Hutton, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOS ANGELES COUNTY EMPLOYEES RETIREMENT ASSOCIATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )   CIVIL ACTION NO. 02cv4086 ) |
| JOHN J. RIGAS, et al., | ) ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO EXPEDITED MOTION OF
DEFENDANTS BANC OF AMERICA SECURITIES, LLC AND
SALOMON SMITH BARNEY HOLDINGS, INC. FOR AN ADDITIONAL
EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' COMPLAINT**

Plaintiff Los Angeles County Employees Retirement Association ("LACERA" or "Plaintiff") hereby responds in opposition to the motion of defendants Banc of America Securities, LLC and Salomon Smith Barney Holdings, Inc. (collectively, the "Underwriter Defendants") for a further and indefinite extension of time to respond to the complaint in this action. The grounds for LACERA's opposition to this motion are as follows:

1.   This action was filed on June 26, 2002. The Underwriter Defendants were served with the summons and complaint on July 3, 2002, rendering their responses due on July 23, 2002. See Docket No. 7.

2.   The Underwriter Defendants neither responded to the complaint nor requested extensions of time to do so until late August 2002. Counsel for LACERA subsequently agreed to an extension of time which gives the Underwriter Defendants three months beyond their original deadline to respond to the complaint. Not satisfied with that, the Underwriter Defendants now

seek the same open-ended extension of time that the Court has granted to certain of their co-defendants – *i.e.*, until Deloitte & Touche LLP's pending motion relating to consolidation of this action with the pending class actions is resolved.

3.   The Underwriter Defendants' motion raises similar arguments to the motion recently filed by defendant Peter Venetis ("Venetis"), and LACERA opposes it for the same reasons. Like Venetis, the Underwriter Defendants do not claim that they actually need more time, but rather seek the extension because they want to be treated the same as the other defendants. However, LACERA has already agreed to give these defendants a generous extension of time, and there is no reason for the Underwriter Defendants' responses to await resolution of the Consolidation Motion, since the outcome of that motion will not affect the defendants' obligation to respond to LACERA's complaint (which, as an individual complaint, would not be superseded by any consolidated class action complaint).

4.   In sum, it has been nearly three months since LACERA's complaint was filed and served on the Underwriter Defendants. Neither the United States Code, the Federal Rules of Civil Procedure, nor any other law provides for a stay of a defendant's obligation to respond to a complaint. Yet, the Underwriter Defendants seek just that – an indefinite stay to file a response to the complaint. Particularly since there has been no showing of any need for additional time, and since the resolution of the Consolidation Motion will not affect the Underwriter Defendants' obligation to respond to LACERA's complaint, LACERA should not be subjected to any further delays of the prosecution of its claims. LACERA respectfully requests that the Underwriter Defendants' motion be denied.

        Respectfully submitted,


        /s/ Stuart M. Grant
        Stuart M. Grant (PA Bar #73482)
        Megan D. McIntyre
        GRANT & EISENHOFER, P.A.
        1201 N. Market Street, Suite 2100
        Wilmington, DE 19801
        (302) 622-7000
        (302) 622-7100 (facsimile)
        Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that copies of the foregoing document were served upon the following counsel on September 24, 2002, by facsimile and first-class mail:

Thomas W. Dymek, Esquire
Stradley Ronon
2600 One Commerce Square
Philadelphia, PA 19103-7098

Jennifer L. Kroman, Esquire
Cleary Gottlieb
One Liberty Plaza
New York, NY 10006-1470

Patrick J. O'Connor, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103

Joel E. Tasca, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599

Robert L. Hickock, Esquire
Pepper Hamilton LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103-2799

Max R. Shulman, Esquire
Cravath, Swaine & Moore
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475

Gregory A. Markel, Esquire
Brobeck, Phleger & Harrison LLP
1633 Broadway, 47th Floor
New York, NY 10019

Thomas E.L. Dewey, Esquire
Dewey Pegno & Kramarsky LLP
30 Broad Street
New York, NY 10004

Penny Conly Ellison, Esquire
Dilworth Paxson
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA  19103-7595

Daniel C. Fleming, Esquire
Wong Fleming P.C.
821 Alexander Road
Suite 150
P. O. Box 3663
Princeton, NJ  08543-3663

  /s/ Megan D. McIntyre
Megan D. McIntyre